UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| ATM FINANCIAL SERVICES, LLC, ) | Case No. 6:08-bk-969-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| SONEET R. KAPILA, Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:10-ap-47 |
| vs. ) | |
| ) | |
| BIBLE BAPTIST COLLEGE OF ) | |
| PENNSYLVANIA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION PARTIALLY DENYING AND
PARTIALLY GRANTING DEFENDANT'S MOTION TO DISMISS

The Chapter 7 trustee, Soneet Kapila, filed this adversary proceeding seeking to avoid an alleged fraudulent transfer of $400,000 from the debtor, ATM Financial Services, LLC, to the defendant, Baptist Bible College of Pennsylvania. The College, in response, has filed a motion to dismiss the trustee's amended complaint,[1] arguing that the United States government's rights arising under a $50 million forfeiture judgment,[2] divests the trustee of his right to pursue the avoidance claims in this adversary proceeding. The College also argues under Federal Rule of Civil Procedure 12(b)(6) that the complaint fails to adequately set forth the factual predicate of the trustee's fraudulent transfer claims. The Court partially denies the motion finding that, because the government has not asserted a claim or any interest in the disputed funds, the trustee's right to pursue the avoidance actions is unaffected by the forfeiture order and that the trustee has

---

[1] Motion to Dismiss the Amended Complaint to Avoid Fraudulent Transfer for Failure to State a Claim (Doc. No. 49).
[2] *United States v. Vance Moore II*, Case No. 1:09-cr-00881-TPG-1 (Doc. No. 51) (S.D.N.Y. 2010).

appropriately pled the two actual fraud counts (I and III). However, because the trustee's constructive fraudulent transfer claims are not sufficiently supported by factual allegations as required under Rule 12(b)(6), the Court will partially grant the College's motion as to these claims (Counts II, IV, and V).

The debtor, ATM Financial Services, LLC, claimed to engage in the business of selling, managing, and servicing thousands of automated teller machines (ATMs) placed in retail locations around the country. The debtor, in reality, owned only a few machines and sold and re-sold the same machines over and over to new purchasers using new monies to pay returns to older purchasers. The trustee rightfully characterizes the debtor's operations as a classic Ponzi scheme.

Like all Ponzi schemes, the debtor's fraud eventually unraveled. On February 10, 2008, the debtor filed this Chapter 11 bankruptcy case. The case was converted to a Chapter 7 proceeding on June 20, 2008.

The debtor's principal, Vance Moore, II, is currently in federal prison after pleading guilty to nine counts of wire fraud and one count of conspiracy to commit wire fraud. On October 18, 2010, the United States District Court for the Southern District of New York entered a Preliminary Forfeiture Order in the criminal proceeding then pending against Moore.[3] The forfeiture order provides for a $50 million forfeiture judgment against Moore and provides that all of Moore's right, title and interest in two specific parcels of real property are forfeited to the United States with their values to be applied toward partial satisfaction of the $50 million judgment.[4] The preliminary forfeiture order further directs the United States Marshals Service to seize and secure the two specified parcels of real property and to dispose of them pursuant to 21 U.S.C. § 853(n).[5]

The recital to the forfeiture order further describes the forfeiture judgment as "representing all property, real and personal, that constitutes or is derived from proceeds traceable to the

---

[3] *Id*.
[4] Preliminary Forfeiture Order at pp. 2-4.
[5] Preliminary Forfeiture Order at pp. 3-4.

commission of the offenses alleged in the Indictment."[6]  The order also authorizes the United States Attorney's Office "to conduct any discovery needed to identify, locate or dispose of forfeitable property…."[7]  The record in this proceeding, however, does not indicate the United States Attorney's Office has actually identified, located or disposed of forfeitable property, through discovery or other means, other than the two parcels of real property described above.  The government moreover has not, so far as this Court is aware, taken *any* action to recover the $400,000 at dispute in this case or indeed asserted any claim against the debtor, a separate corporate entity who obviously is *not* Mr. Moore, the person against whom the forfeiture judgment was entered.

On November 24, 2010, the Chapter 7 trustee filed this adversary proceeding to recover a $400,000 wire transfer to the College made on August 16, 2007, as a fraudulent conveyance under Bankruptcy Code §§ 548(a)(1)(A), (B), or 544(b) and Fla. Stat. §§ 726.105(1)(a),(b), 726.106(1) and 726.108.[8]  The trustee's amended complaint alleges the debtor operated a Ponzi scheme for at least four years prior to filing its bankruptcy petition and that on August 16, 2007, the debtor wired $400,000 to the College.  The complaint is devoid of any factual allegations concerning the purpose for the wire transfer or the nature of the debtor's relationship to the College.

On December 29, 2010, the College filed its motion to dismiss the amended complaint.[9]  The College presents three arguments that rely on its position that the government, under the forfeiture order, acquired a right superior to the trustee's interest in the disputed funds.  Based on this allegation, the College argues: (1) the complaint fails to join the government as an indispensable

---

[6] Preliminary Forfeiture Order at p. 2.
[7] Preliminary Forfeiture Order at pp. 5-6.
[8] The original complaint was filed on February 9, 2010, against BBC Foundation, Inc. and amended on November 24, 2010, to reflect Baptist Bible College of Pennsylvania as the defendant (Doc. Nos. 1 and 44).
[9] Doc. No. 49; relevant pleadings also include: Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint (Doc. No. 51), and Plaintiff's Supplemental Response to Baptist Bible College of Pennsylvania, Inc's Motion to Dismiss Amended Complaint (Doc. No. 56).

party; (2) the trustee lacks standing to pursue its fraudulent transfer claims; and (3) the claims no longer constitute property of the debtor's bankruptcy estate.

The College's forfeiture arguments each fail because its position that the government has superior rights to the trustee in the disputed funds is completely speculative. The broad language of the forfeiture order was entered against Mr. Moore, not the debtor, and does not extend any relief to property transferred by the debtor to any party, including the College.  Moreover, even though the government has actual notice of this proceeding, the government has taken absolutely no action to assert any purported right in the disputed funds.  Indeed, the Chapter 7 trustee specifically provided Assistant United States Attorney Michael Lockhard with a copy of the College's motion and spoke to him specifically on the issue. [10]  According to the trustee, the government disclaimed any interest in pursuing the $400,000.  The government has not filed a proof of claim or taken action directly against the College to recover the disputed funds. As such, the Court has no valid reason to divest the trustee of his rights to pursue avoidable transfers, such as the one raised in this adversary proceeding, when the government shows absolutely no interest in pursuing any such claim.

The College's allegation that the government's right to the disputed funds is superior to the trustee's is wholly unsubstantiated.  The government is not an indispensible party.[11] The trustee's standing in this case is unaffected by the forfeiture order.  The trustee's claims remain property of the estate.  Until and unless a court, after considering concrete facts, concludes the debtor might not have an interest in the disputed funds or that the government's rights under the forfeiture order usurp the trustee's authority, this adversary will and should proceed in due course.  The College's motion to dismiss raising issue of the trustee's standing after the entry of the forfeiture order is denied.

---

[10] Doc. No. 56, ¶¶ 5-6.

[11] Fed. R. Civ. P. 19(a)(1), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7019, sets forth three categories of persons who qualify as indispensible parties: (1) persons needed to accord complete relief to the existing parties; (2) persons whose interests will be practically impaired or impeded if not joined; and (3) persons who are needed to make sure that the existing parties are not exposed to multiple or inconsistent obligations.  The government meets none of these qualifications at this time.

The College's other argument in favor of dismissal is that the trustee's complaint fails to support its claims with a sufficient factual predicate as required by Federal Rule of Civil Procedure 12(b)(6).[12] In reviewing a motion to dismiss a complaint under Rule 12(b)(6), courts must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.[13] As the Supreme Court recently has elaborated, under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[16]

The trustee has brought both actual and constructive fraudulent transfer actions under §§ 548(a)(1)(A) and (B) of the Bankruptcy Code and comparable Florida statutes.[17] A claim for actual fraudulent transfer must allege facts sufficient to show the plausibility that both (1) the debtor "transferred an interest in property," and (2) the transfer was made "with actual intent to hinder, delay or defraud creditors."[18] Given the difficulties in establishing a transferor's actual intent, courts generally look at the totality of the circumstances and the badges of fraud surrounding the transfers to establish the requisite intent.[19] But in cases involving a Ponzi scheme, courts typically infer fraudulent intent because, as this Court has previously stated, "[a] Ponzi scheme is by

---

[12] Made applicable in bankruptcy proceedings by Bankruptcy Rule 7012(b)(6).
[13] *Financial Security Assur., Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1262 (11th Cir. 2006).
[14] *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 & 570, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007)).
[15] *Id.*
[16] *Id.* (*citing* Fed. Rule. Civ. Proc. 8(a)(2)).
[17] Fla. Stat. §§ 726.105(1)(b) and 726.108.
[18] *In re Evergreen Security, Ltd.*, 319 B.R. 245, 252 (Bankr. M.D. Fla. 2003).
[19] *In re World Vision Entertainment, Inc.*, 275 B.R. 641, 656 (Bankr. M.D. Fla. 2002).

definition fraudulent."[20] For that reason, "any acts taken in furtherance of [a] Ponzi scheme…are also fraudulent.  Every payment made by the debtor to keep the scheme on-going [is] made with actual intent to hinder, delay, or defraud creditors, primarily the new investors."[21] In this adversary proceeding, the trustee can establish actual fraudulent intent by showing that the transfer to the College was "in furtherance of" a Ponzi scheme.

The trustee's actual fraudulent transfer claims are supported by the factual allegations that (1) the debtor ran a Ponzi scheme, and (2) the debtor transferred $400,000 to the College while the debtor was running a Ponzi scheme.  From these facts the Court can infer the plausibility that the transfer was made in furtherance of the debtor's Ponzi scheme and thus was made with the requisite fraudulent intent.  Accordingly, the College's motion to dismiss is denied as to the actual fraudulent transfer counts of the amended complaint (Counts I and III).

On the other hand, the trustee's amended complaint is insufficient as to the constructive fraudulent transfer counts (Counts II, IV, and V).  Under Rule 12(b)(6), to properly plead a constructive fraudulent transfer action the trustee must allege facts sufficient to show the plausibility that (1) the debtor "transferred an interest in property;" (2) the debtor received "less than a reasonably equivalent value" in exchange for such transfer; and (3)(i) was insolvent on the date that such transfer was made or such obligation was incurred, (ii) was engaged in business with an unreasonably small amount of capital, (iii) intended to incur debts beyond the debtors' ability to pay such debts, or (iv) made such transfer to or for the benefit of an insider of the debtors outside of the ordinary course of business.[22]

The amended complaint contains *no* factual allegations upon which the Court could infer the debtor received "less than a reasonably equivalent value" in exchange for the $400,000 wire

---

[20] *Cuthill v. Greenmark (In re World Vision Entertainment, Inc.)*, 275 B.R. 641, 656 (Bankr. M.D. Fla. 2002); *see also Wiand v. Waxenberg*, 611 F.Supp.2d 1299, 1312 (M.D. Fla. 2009); *In re Old Naples Securities, Inc.*, 343 B.R. 310, 319-20 (Bankr. M.D. Fla. 2006); *In re McCarn's Allstate Finance, Inc.*, 326 B.R. 843, 849-52 (Bankr. M.D. Fla. 2005).
[21] *World Vision*, 275 B.R. at 656.
[22] Bankruptcy Code § 548(a)(1)(B).

transfer. It merely states in conclusory fashion that the transfer "was made for less than reasonably equivalent value,"[23] without providing any information about the nature of the transfer or the relationship between the debtor and the College. The *only* facts presented by the amended complaint are that the debtor ran a Ponzi scheme, the debtor wire transferred $400,000 to the College, and the College is a non-profit corporation. The Court can imagine a number of ways in which the transfer of $400,000 *could have been* for less than reasonably equivalent value in exchange, but the scant factual matter presented by the amended complaint makes none of these hypothetical scenarios *plausible*. Accordingly, the Court will grant the College's motion and dismiss without prejudice Counts II, IV, and V of the amended complaint.

In sum, because the government has not asserted, and the Court has no other way of determining, that it has a right superior to the trustee's in the $400,000 at issue in this adversary proceeding, the government is not an indispensible party, the trustee's standing is unaffected, and the avoidance actions asserted by the trustee are property of the bankruptcy estate *regardless of* the preliminary forfeiture order against Moore. The trustee's actual fraudulent transfer claims (Counts I and III) are supported by sufficient factual matter in the complaint upon which the Court can infer the debtor plausibly made fraudulent transfers with actual fraudulent intent. The College's motion to dismiss is partially denied as to Counts I and III.

However, the trustee's allegations do not similarly support his constructive fraudulent transfer claims in Counts II, IV, and V. The Court will grant the College's motion to dismiss under Rule 12(b)(6) and will dismiss Counts II, IV, and V. The trustee shall have an opportunity to file a second amended complaint on or before **July 22, 2011**. The College is directed to file an answer to the then extant version of the complaint on or before **August 12, 2011**. A further pretrial conference is scheduled for **11:00 a.m. on August 18, 2011**. The current pretrial conference

---

[23] Doc. No. 44, ¶¶ 13, 21, & 26.

scheduled for June 30, 2011, is cancelled. A separate order consistent with this memorandum opinion shall be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, June 21, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: ATM Financial Services, LLC, PO Box 490510, Leesburg, FL 34748

Debtor's Attorney: Peter N. Hill, Wolff Hill McFarlin & Herron PA, 1851 W. Colonial Dr., Orlando, FL 32804

Defendant's Attorneys: John J. Lamoureux, Carlton Fields, P.A., Post Office Box 3239, Tampa, FL 33601-3239 and Myles R. Wren, Nogi, Appleton, Weinberger & Wren, P.C., 415 Wyoming Avenue, Scranton, PA 18503

Plaintiff: Soneet R. Kapila, 1000 South Federal Highway, Suite 200, Ft. Lauderdale, FL 33316

Plaintiff's Attorney: Patrick S. Scott, Gray Robinson, P.A., 401 E. Las Olas Blvd., Suite 1850, Ft. Lauderdale, FL 33301